The STATE of Ohio, Appellee,

v.

CONIGLIO, Appellant.

[Cite as *State v. Coniglio,* 185 Ohio App.3d 157, 2009-Ohio-6087.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 2008CA00291.

Decided Nov. 16, 2009.

158

Gretchen L. Stocker, for appellee.

Richard W. Hinig, for appellant.

FARMER, Presiding Judge.

{¶ 1} On September 27, 2008, appellant, Vince Marion Coniglio III, was cited for driving under the influence of alcohol or drug of abuse in violation of Canton Ordinance Section 333.01, violating a marked-lanes ordinance in violation of Canton Ordinance Section 331.08, and failing to signal before turning or changing course in violation of Canton Ordinance Section 331.14.

{¶ 2} On October 28, 2008, appellant filed a motion to suppress. A hearing was held on November 17, 2008. By judgment entry filed the same day, the trial court denied the motion.

{¶ 3} On December 2, 2008, appellant pleaded no contest to all of the charges. By judgment entry filed the same day, the trial court found appellant guilty and sentenced him to 180 days in jail, with all but four days suspended.

{¶ 4} Appellant filed an appeal, and this matter is now before this court for consideration. The assignment of error is as follows:

{¶ 5} "The trial court erred to the prejudice of appellant in overruling his motion to suppress all evidence obtained after the officer requested permission to inspect defendant's vehicle. The continued detention constituted an illegal seizure."

{¶ 6} Appellant claims that the trial court erred in denying his motion to suppress. Specifically, appellant claims that his continued detention after the officer requested permission to inspect his vehicle constituted an illegal seizure. We disagree.

{¶ 7} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether the findings of fact are against the manifest weight of the evidence. *State v. Fanning* (1982), 1 Ohio St.3d 19, 1 OBR 57, 437 N.E.2d 583; *State v. Klein* (1991), 73 Ohio App.3d 486, 597 N.E.2d 1141; *State v. Guysinger* (1993), 86 Ohio App.3d 592, 621 N.E.2d 726. Second, an appellant may argue that the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *State v. Williams* (1993), 86 Ohio App.3d 37, 619 N.E.2d 1141. Finally, assuming that the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue that the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry* (1994), 95 Ohio App.3d 93, 641 N.E.2d 1172; *State v. Claytor* (1993), 85 Ohio App.3d 623, 620 N.E.2d 906; *Guysinger*. As the United States Supreme Court held in *Ornelas v. United States* (1996), 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911, "as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶ 8} As an initial matter, we note that appellant does not dispute the fact that Canton Police Officer Jeff Hothem had sufficient cause to stop his vehicle based on his traffic violations. Rather, appellant argues that "the officer did not have the right to detain defendant after the officer had completed all activity related to the original purpose of the stop."

{¶ 9} In one of the leading cases on this issue, the Supreme Court of Ohio held the following:

{¶ 10} "When a police officer's objective justification to continue detention of a person stopped for a traffic violation for the purpose of searching the person's vehicle is not related to the purpose of the original stop, and when that continued detention is not based on any articulable facts giving rise to a suspicion of some illegal activity justifying an extension of the detention, the continued detention to conduct a search constitutes an illegal seizure." *State v. Robinette* (1997), 80 Ohio St.3d 234, 685 N.E.2d 762, paragraph one of the syllabus.

{¶ 11} "However, the detention of a stopped driver may continue beyond this time frame when additional facts are encountered that give rise to a reasonable, articulable suspicion of criminal activity beyond that which prompted the initial stop. *State v. Myers* (1990), 63 Ohio App.3d 765, 771[, 580 N.E.2d 61]." *State v. Howard*, Preble App. Nos. CA2006–02–002 and CA2006–02–003, 2006-Ohio-5656, 2006 WL 3059799, ¶ 16.

{¶ 12} There is no dispute that Officer Hothem's initial stop of appellant was proper. Officer Hothem stopped appellant after observing appellant commit several traffic violations. Thus, the gravamen of this issue is whether Officer Hothem had reasonable, articulable suspicion of illegal activity to continue detaining appellant.

{¶ 13} During the suppression hearing, Officer Hothem testified to the following:

{¶ 14} "Q. Upon approaching the driver of that vehicle, what did you ask of him at that point in time?

{¶ 15} "A. I asked him the standard question of driver's license and proof of insurance. At that time he was able to provide that to me. He seemed excited at that point. Um, the—the possibility of an OVI [operating-a-motor-vehicle-while-intoxicated charge] had crossed my mind. As far as his impairment or, um, the impairment wasn't greatly obvious but I could tell that there was cues there. He was able to multitask and hand me his driver's license. And if I remember right the insurance card I believe was shown as well. His eyes did appear to be a little bit glossy, watery, a little bit of bloodshot, but not to a severe extent but, yeah, but that was one of the clues that led me up further to the end result."

{¶ 16} Officer Hothem returned to his cruiser and entered appellant's information into the computer. Appellant had a valid driver's license and there were no outstanding warrants for his arrest. Officer Hothem returned to appellant's vehicle and asked him if he had anything illegal in the vehicle. Appellant indicated that he did not, and Officer Hothem asked appellant if he could check the vehicle. Officer Hothem based this request on a tip he had received earlier in the evening that the driver of the vehicle was suspected of being involved in narcotic activity. Appellant consented and exited the vehicle, whereupon he stumbled twice, enough where "he had to stop and recover his balance." Based on the stumbling, Officer Hothem suspected a level of impairment. He asked appellant to perform field sobriety tests, the walk-and-turn test and the one-leg-stand test, which appellant stated he was not able to do. Appellant did not give a reason as to why he could not do the tests. Appellant attempted to perform the one-leg-stand test, but "mixed up the numbers, he made it to five and then put his right foot down and he stated that he could not continue, and that was the extent of that test." Based on appellant's inability to perform the field sobriety tests, Officer Hothem arrested appellant for operating a motor vehicle while under the influence of drugs or alcohol.

{¶ 17} A partial videotape of appellant's stop was played during the hearing. On the tape, after Officer Hothem returned to appellant's vehicle but prior to asking him for consent to search the vehicle, Officer Hothem asked appellant if he had had anything to drink. Appellant indicated that he had, but did not indicate how much.

{¶ 18} Based upon Officer Hothem's testimony and the videotape of the stop, we find that Officer Hothem had sufficient reasonable, articulable suspicion of criminal activity to prolong the stop. At first contact, Officer Hothem considered the possibility of an OVI. Officer Hothem was ready to issue citations for the traffic violations when he returned to the vehicle and asked appellant if he had been drinking, whereupon appellant admitted to drinking. Appellant consented to the search of his vehicle and stumbled twice upon exiting the vehicle.

{¶ 19} As the Supreme Court of Ohio noted in *State v. Batchili*, 113 Ohio St.3d 403, 2007-Ohio-2204, 865 N.E.2d 1282, paragraph two of the syllabus, "[t]he 'reasonable and articulable' standard applied to a prolonged traffic stop encompasses the totality of the circumstances, and a court may not evaluate in isolation each articulated reason for the stop." The facts in this case, when reviewed collectively, lead to a continued reasonable, articulable suspicion of criminal activity to justify prolonging the traffic stop.

{¶ 20} Upon review, we find that the trial court did not err in denying appellant's motion to suppress.

{¶ 21} The sole assignment of error is denied.

{¶ 22} The judgment of the Canton Municipal Court of Stark County, Ohio is hereby affirmed.

Judgment affirmed.

DELANEY, J., concurs.

EDWARDS, J., dissents.

EDWARDS, Judge, dissenting.

{¶ 23} I respectfully dissent from the majority's analysis and disposition of appellant's sole assignment of error.

{¶ 24} I would find, based upon my review of the record, that Officer Hothem did not have a reasonable, articulable suspicion that appellant was driving under the influence of alcohol and, therefore, Officer Hothem was not justified in detaining appellant beyond the time necessary to issue the citations for the marked-lane and the failure-to-signal violations. While Officer Hothem testified at the suppression hearing that appellant's eyes were watery and glossy, I note that in his report, he never documented such observations. Moreover, during his cell phone conversation with his sergeant, Officer Hothem never mentioned that he believed appellant might be driving under the influence. Rather, he told his sergeant that appellant had "just a little traffic stuff." Moreover, the fact that appellant's eyes may have been watery and glossy and a little bit bloodshot is not sufficient indicia of intoxication. See, e.g., *State v. Dixon* (Dec. 1, 2000), Greene App. No. 2000–CA–30, 2000 WL 1760664, in which the court held that glossy, bloodshot eyes, a slight odor of alcohol, and the admission to having consumed one or two beers were insufficient to establish that the appellant was driving under the influence.

{¶ 25} At the hearing, Officer Hothem further admitted that when he went up to appellant's car the second time, appellant was not free to leave. While the trial court, in its oral decision, noted that appellant stumbled twice, I note that appellant did not stumble until after he had been further detained. Nor did he fail the field sobriety tests until after he was further detained. Therefore, the stumbling and field-sobriety-test results cannot be used to justify the extension of the detention beyond the time limit necessary to issue the marked-lane and failure-to-signal citations, because those occurred after the detention was extended.

{¶ 26} Based on the foregoing, I would find that Officer Hothem did not have any articulable facts giving rise to a suspicion of some illegal activity justifying an extension of the detention beyond the time necessary to issue the marked-lane and failure-to-signal citations and that, therefore, the continued detention of appellant constituted an illegal seizure.

{¶ 27} Moreover, while appellant consented to the search of his vehicle, I note that the consent to search was not sought and obtained during the time reasonably necessary to effectuate the stop and process appellant's traffic citation. Officer Hothem testified that after he went back to his cruiser to write out the citation, he learned that appellant had a valid license and no outstanding warrants. He then went back to appellant's car without the citation. Officer Hothem clearly could have handed appellant the citation at that time, but did not do so.

{¶ 28} On that basis, I would sustain appellant's assignment of error and reverse the judgment of the trial court.