[Cite as *State v. Ellis*, **2015-Ohio-472.**]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

     Plaintiff-Appellee

-vs-

CHARLES ELLIS II

     Defendant-Appellant

| | |
|---|---|
| JUDGES: | Case No. 14-CA-66 |
| Hon. W. Scott Gwin, P.J. | |
| Hon. William B. Hoffman, J. | |
| Hon. Sheila G. Farmer, J. | O P I N I O N |
| | |
| CHARACTER OF PROCEEDING: | Appeal from the Licking County Court of Common Pleas, Case No. 13CR416 |
| | |
| JUDGMENT: | Affirmed |
| | |
| DATE OF JUDGMENT ENTRY: | February 5, 2015 |
| | |
| APPEARANCES: | |

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| KENNETH W. OSWALT | ROBERT E. CALESARIC |
| Licking County Prosecutor | 35 South Park Place, Suite 150 |
| | Newark, Ohio 43055 |
| By: Bryan R. Moore | |
| Assistant Prosecuting Attorney | |
| 20 S. Second Street, Fourth Floor | |
| Newark, Ohio 43055 | |

*Hoffman, J.*

**{¶1}** Defendant-appellant Charles Ellis II appeals the May 1, 2014 Judgment Entry of the Licking County Court of Common Pleas overruling his motion to suppress evidence. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}** On May 28, 2012, Appellant was a passenger in a vehicle stopped by Trooper Jerrold March of the Ohio State Highway Patrol. Trooper March testified he stopped the vehicle for failure to have a front license plate at 8:24 a.m. in an area where a music festival was taking place, known for high drug activity.

**{¶3}** Trooper March testified upon initiation of the stop he noticed both occupants of the vehicle made furtive movements towards the center of the vehicle. Upon approaching the vehicle, Trooper March also noticed both occupants were visibly nervous. Trooper March testified other officers were in the area, and the other officers responded as backup, including a K-9 patrol.

**{¶4}** After questioning the driver, Trooper March asked the driver to exit the vehicle, placing him in the cruiser. He read the driver his Miranda rights, and ascertained from the driver he had used drugs at the concert and used his entire supply. The driver stated he was unsure whether Appellant had drugs on his person or not.

**{¶5}** Trooper March went back to the vehicle to talk to Appellant. Appellant was also read his Miranda rights. Appellant revealed a backpack in the backseat of the vehicle, containing marijuana. The backpack contained marijuana, which lead to the

discovery of a large amount of cocaine in the vehicle. Additionally, a small amount of cocaine was found on Appellant's person.

{¶6} Trooper March had not completed the initial purpose of the stop regarding the lack of a front license plate on the vehicle prior to discovery of the drugs.

{¶7} Appellant filed a motion to suppress the evidence. The trial court conducted a hearing on the motion to suppress on March 18, 2014. The trial court denied the motion via Judgment Entry of May 1, 2014.

{¶8} Appellant entered a plea of no contest to the charges. The trial court imposed a sentence of four and one half years in prison.

{¶9} Appellant appeals, assigning as error:

{¶10} "I. THE PROSECUTING ATTORNEY SHOULD BE PRECLUDED BY THE TRIAL COURT FROM USING EVIDENCE THAT WAS OBTAINED IN CONTRADICTION OF STATE V. ROBINETTE IN THAT THE OFFICER UNLAWFULLY EXTENDED THE TRAFFIC STOP TO CONDUCT AN INTERROGATION OF APPELLANT-DEFENDANT."

{¶11} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. *State v. Fanning,* 1 Ohio St.3d 19 (1982); *State v. Klein,* 73 Ohio App.3d 485 (4th Dist.1991); *State v. Guysinger,* 86 Ohio App.3d 592 (4th Dist.1993). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *State v.*

*Williams,* 86 Ohio App.3d 37 (4th Dist.1993). Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry,* 95 Ohio App.3d 93 (8th Dist.1994); *State v. Claytor,* 85 Ohio App.3d 623 (4th Dist.1993); *Guysinger.* As the United States Supreme Court held in *Ornelas v. U.S.,* 116 S.Ct. 1657, 1663 (1996), "... as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶12} Here, Appellant argues Trooper March impermissibly expanded the scope of the admittedly valid traffic stop and improperly continued the detainment of Appellant for further questioning about drugs without articulable facts to do so.

{¶13} Appellant relies on *State v. Robinette,* 80 Ohio St.3d 234, 685 N.E.2d 762 (1997), in which the Ohio Supreme Court held,

> When a police officer's objective justification to continue detention of a person stopped for a traffic violation for the purpose of searching the person's vehicle is not related to the purpose of the original stop, and when that continued detention is not based on any articulable facts giving rise to a suspicion of some illegal activity justifying an extension of the detention, the continued detention to conduct a search constitutes an illegal seizure.

*Id.* at paragraph one of the syllabus.

**{¶14}** However, the detention of a stopped driver may continue beyond this time frame when additional facts are encountered that give rise to a reasonable, articulable suspicion of criminal activity beyond that which prompted the initial stop. *State v. Coniglio,* 185 Ohio App.3d 157, 923 N.E.2d 646, 2009–Ohio–6087, ¶ 11.

**{¶15}** In *State v. Jordan*, 5th Dist. CT2003-0029, 2005-Ohio-6064, this Court held,

> The Fourth Amendment to the United States Constitution and Section 14, Article I, Ohio Constitution, prohibit the government from conducting unreasonable searches and seizures of persons or their property. *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; *State v. Andrews* (1991), 57 Ohio St.3d 86, 87, 565 N.E.2d 1271.

> Appellant herein first challenges his trial counsel's decision not to challenge the propriety of the underlying traffic stop. A reviewing court, when determining whether a stop of a motor vehicle was proper, must consider the totality of the circumstances. *State v. Anderson* (1995), 100 Ohio App.3d 688, 692, 654 N.E.2d 1034. To justify an investigatory detention, a law enforcement officer must "demonstrate specific and articulable facts which, when considered with the rational inferences therefrom, would, in light of the totality of the circumstances, justify a reasonable suspicion that the individual who is stopped is involved in illegal activity." *State v. Correa* (1995), 108 Ohio App.3d 362, 366, 670 N.E.2d 1035. See also, *Terry,* supra. When determining whether or not an investigative traffic stop is supported by a reasonable, articulable

suspicion of criminal activity, the stop must be viewed in light of the totality of circumstances surrounding the stop. *State v. Bobo* (1988), 37 Ohio St.3d 177, 524 N.E.2d 489, paragraph one of the syllabus.

In the case sub judice, trial counsel was faced with a fact pattern wherein Trooper Warner had effectuated the stop of Mitchell's vehicle upon noting a missing license plate (see R.C. 4503.21(A)), the lack of a seat belt utilized for the driver (see R.C. 4513.263), and visible damage and smoke about the front of the vehicle. " * * * [W]here an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid * * * ." *State v. Weimaster* (Dec. 21, 1999), Richland App.No. 99CA36 (citations omitted). Under the circumstances of this case, there was reasonable suspicion of illegal driving, and we are unpersuaded that trial counsel's decision not to pursue a suppression motion as to the traffic stop fell below an objective standard of reasonable representation.

{¶16} Here, Trooper March noticed the occupants of the vehicle making furtive movements upon the initiation of the stop. Further, upon approaching the vehicle, he observed both occupants were unreasonably nervous. Trooper March removed the driver of the vehicle, read him his Miranda rights, and upon questioning him, learned he had been using drugs and Appellant may have drugs on his person. Upon Mirandizing Appellant and questioning him, Appellant admitted he had marijuana in the vehicle in his backpack, which lead to the discovery of cocaine. Accordingly, under the totality of the circumstances herein, we find Trooper March had reasonable suspicion to detain the

occupants of the vehicle to investigate further criminal activity.  As that investigation progressed, additional information gathered lead to probable cause to arrest Appellant.

{¶17}  The trial court did not err in overruling the motion to suppress.

{¶18}  The May 1, 2014 Judgment Entry of the Licking County Court of Common Pleas denying Appellant's motion to suppress is affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Farmer, J. concur